THOMAS HAUGH, In Equity, *vs.* CARRIE E. PEIRCE.

Waldo.　Opinion January 10, 1903.

*Dower.　Vested Rights.　Equity.　R. S., c. 65, § 3.*

1. While before assignment a widow's right of dower is a mere right, to be enforced in such manner as the law should prescribe; after assignment in any legal mode, whatever is lawfully assigned to her as her dower becomes a vested estate, vested in form as well as in substance, which she cannot be compelled to sell or commute.

2. Where there is lawfully assigned "in a special manner" to a widow as her dower out of a parcel of real estate "the sum of two hundred dollars to be paid annually from the rents and profits of that parcel" as a third part of the rents and profits under R. S., c. 65, § 3, she thereby acquires a vested right to an annuity of two hundred dollars from that real estate which she cannot be compelled to release for any consideration.

3. The owner of the real estate out of which dower has been so assigned, cannot maintain a bill in equity to have the real estate sold free of the widow's dower and the present worth of the widow's annuity appraised and paid to her out of the proceeds.

On report.　Bill in equity.　Dismissed.

Bill in equity praying to have real estate sold free of the widow's dower, to have the present worth of the dower appraised and paid to her out of the proceeds.　The dower was assigned in a special manner to wit: the sum of two hundred dollars annually from the rents and profits, under R. S., c. 65, § 3.

The defendant besides her answer filed a demurrer and the case was reported to the law court.

*J. S. Harriman and Peregrine White,* for plaintiff.

The parties are tenants in common.　Under our statute, the tenant in dower, where dower is assigned of the rents and profits, becomes tenant in common with the other owners of the estate.　R. S., chap. 103, § 23.

Tenants in common have an absolute right to partition.　*Wood* v. *Little,* 35 Maine, 111; *Nash* v. *Simpson,* 78 Maine, 148.

This court has declared that it now has the power to decree a sale

and division of the proceeds of land, in such a case, "whenever in its judgment, a division of the property cannot be made without greatly impairing its value, and whenever a sale of the whole property would be much more beneficial, or less injurious to the parties." *Williams* v. *Coombs,* 88 Maine, 185, and cases cited; *Nash* v. *Simpson,* 78 Maine, 152, 3 Pom. Eq. § 1390.

*W. P. Thompson,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. The case is this: Robert F. Peirce died in 1892 seized of a parcel of real estate in Belfast· upon which was a brick block. It appearing to the commissioners appointed by the Probate Court in November, 1892, to assign the widow's dower that a division of said parcel by metes and bounds could not be conveniently made, they assigned to the widow, (the defendant in this case) her dower therein "in a special manner as of a third part of the rents and profits," and fixed as such third part "the sum of two hundred dollars to be paid annually from the rents and profits of said brick block." R. S., c. 65, § 3. This action of the commissioners we assume was confirmed by the Probate Court.

The plaintiff afterward, in 1896, acquired title to this parcel of real estate by purchase, "subject (in the language of the deed to him) to an annuity of two hundred dollars to the widow of Robert F. Peirce deceased, during her life." Later still, in 1899, the brick block on the lot was destroyed by fire, since which time the lot has remained vacant and incapable in its present condition of yielding any income. The plaintiff, the owner, has now brought this bill in equity against the defendant, the widow, praying (1) that the said real estate be appraised and the interest of the defendant therein be ascertained; (2) that the real estate be sold and the proceeds be divided between the plaintiff and the defendant according to their rights in the premises. The defendant demurred and also answered saying, among other things, that she did not wish to part with her rights as assigned to her.

The bill cannot be sustained. Its plain purpose is to compel the defendant to commute her annuity for a present specific sum, and release the land from the charge thus imposed upon it. There is no law in this State requiring her to do so. Before assignment her dower was a mere right to be enforced in such reasonable manner as the law might prescribe. After assignment in any statutory manner, whatever was lawfully assigned to her as her dower, whether one-third of the land, or one-third of the rents and profits, or, as in this case, a special sum per year, payable out of the land as one-third of the rents and profits, became hers absolutely for her life, her vested estate for life, vested in form as well as in substance. She cannot be compelled to sell it, or change its form against her will. It must remain in its present form a charge upon the land until extinguished by her death, or by her voluntary release, whatever the inconvenience to the land owner. This the plaintiff should have known when he bought the land. Any legislation since this dower was assigned cannot affect her estate which then vested.

*Bill dismissed with costs.*